### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTIMO, LLC, | ) |
| | ) Case No. 6:25-cv-01071-KHV-GEB |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRENDAN REICH, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT BRENDAN REICH'S MOTION TO DISMISS
### PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Brendan Reich ("Mr. Reich" or "Defendant"), through his counsel, moves to dismiss Plaintiff Antimo, LLC's ("Antimo" or "Plaintiff") Complaint for failure to plead its fraud-based claims with sufficient particularity under Fed. R. Civ. P. 9(b) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Antimo commenced this lawsuit against Mr. Reich, a former Antimo Senior Trader, asserting claims for fraud, fraud by silence/concealment, constructive fraud, breach of fiduciary duty, unjust enrichment, negligent misrepresentation, and constructive trust. Each of Antimo's causes of action is based on the same theory that Mr. Reich changed the supposed customary formula used to calculate profits and losses for ethanol sales, allegedly resulting in Antimo overpaying Mr. Reich in the amount of $1,794,788.35.

Antimo's fraud, fraud by silence, constructive fraud, and negligent misrepresentation claims should be dismissed for three reasons.

First, Antimo failed to allege that Mr. Reich made any false statement of material fact or concealed any material fact. Mr. Reich's RIN transactions were all legitimate trades that were all accurately documented, openly reported, and administered and executed by Antimo, and Antimo

32119119-v1

does not allege otherwise. Antimo does not claim anything false about these transactions. Instead, it alleges the trades contradicted company policy, Mr. Reich's trading authority, and his 2020 "Growth Plan." A violation of company policy, trading authority, or a "Growth Plan" is not the basis for a fraud claim. Further, Antimo acknowledges that the company's formula for booking RINs was changed by its own accountant, L.K., not Mr. Reich. The allegations that Mr. Reich directed L.K. to change the accounting formula are speculative and conclusory and fail to satisfy Rule 9. Lastly, Mr. Reich's post-employment emails, even if any included a false statement, were non-actionable opinion statements.

Second, Antimo could not have justifiably relied on any alleged false representation as a matter of law. According to Antimo's own allegations, Antimo (through the knowledge of its own accountant) knew the losses reported on the company's financial records were based on a different formula and included Mr. Reich's December 2023 RIN trades. Further, Antimo was required by law to submit certified compliance reports for its 2023 RIN business to the EPA by March 31, 2024. For Antimo to now claim that RIN transactions it had a legal obligation to review and certify as accurate are fraudulent is incredulous. Finally, Mr. Reich's allegedly false emails were six months *after* Antimo paid Mr. Reich's bonus. Accordingly, Antimo could not have relied on those statements in awarding Mr. Reich's bonus.

Third, Mr. Reich's RIN trades and emails could not have caused Antimo's alleged harm because they were profitable for Antimo. The damage Antimo allegedly sustained (allegedly overpaying Mr. Reich's bonus) was allegedly caused by Antimo's accountant using a new formula for calculating profits and losses—not Mr. Reich's trades.

Antimo's constructive fraud, breach of fiduciary duty, and unjust enrichment claims should be dismissed because they fail for same reasons as the fraud claims discussed above. These claims

incorporate the fraud counts and then specifically allege that they are based on the same alleged false representations and concealments.

The unjust enrichment and constructive trust claims should be dismissed for the independent reasons that Mr. Reich's compensation is subject to a contract and constructive trust is an equitable remedy—not an independent cause of action.

For the reasons stated herein, the Court should dismiss Plaintiff's First Amended Complaint in its entirety with prejudice and grant such further relief as the Court deems just and proper.

                              BAKER STERCHI COWDEN & RICE LLC

                              /s/ Dylan L. Murray
                              James Scott Kreamer      KS #14374
                              Dylan L. Murray          KS #25417
                              2400 Pershing Road
                              Suite 500
                              Kansas City, Missouri  64108
                              Tel:  816/471-2121
                              Fax:  816/472-0288
                              kreamer@bakersterchi.com
                              dmurray@bakersterchi.com
                              ATTORNEYS FOR DEFENDANT BRENDAN REICH

## CERTIFICATE OF SERVICE

      I hereby certify that on June 16, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the counsel of record identified below.

Blake A. Shuart
J. Darin Hayes
Kaylea Knappenberger McGrath
HUTTON & HUTTON
8100 E. 22nd St. N., Bldg. 1200
Wichita, Kansas 67226
Phone: (316) 688-1166
Fax: (316) 686-1077
Blake.Shuart@huttonlaw.com
ATTORNEYS FOR PLAINTIFF

                                                /s/ Dylan L. Murray