**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ANTIMO, LLC,            |

          Plaintiff,       |

vs.              |     Case No. 25-1071-KHV-GEB

BRENDAN REICH,     |

          Defendant.    |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Leave to Amend Affirmative Defenses and Counterclaim (ECF No. 57) seeking to replead the previously dismissed affirmative defenses and counterclaim in their Answer. After careful consideration of Defendant's Motion, Plaintiff's Response in Opposition (ECF No. 58), Defendant's Reply (ECF No. 60), and the oral arguments during the February 12, 2026 hearing, the Court **GRANTS** Defendant's Motion for Leave to Amend Affirmative Defenses and Counterclaim **(ECF No. 57)** for the reasons set forth below.

## I. Background[1]

This fraud case was removed here from Sedgwick County, Kansas District Court. Plaintiff alleges Defendant, in a breach of his fiduciary duty, conducted fraudulent RIN transactions (a specific credit transaction for renewable fuel) for ethanol stores as part of a scheme to defraud Plaintiff. The fraud culminated in Defendant being paid $1,794,788.35

---

[1] This background information should not be construed as judicial findings or factual determinations.

1

in unearned bonus compensation in 2024.[2] After initial motion practice per Fed. R. Civ. P. 12(b)(6), Plaintiff's claims for fraud, fraud by silence, constructive fraud, breach of fiduciary duty, negligent misrepresentation and constructive trust remained in the matter.[3] Defendants then filed their Answer and Counterclaim alleging breach of contract,[4] which Plaintiff moved to strike.[5] Defendant's relevant affirmative defenses and counterclaim contend the lawsuit violates Sections 5 and 6 of an October 2, 2024 Settlement Agreement and Release (the "Settlement Agreement") containing a release of Defendant and a covenant not to sue.

In deciding the Fed. R. Civ P. 12(b)(6) motion, District Judge Vratil dismissed Defendant's counterclaim, concluding although Section 6 of the Settlement Agreement does provide the covenant not to sue on which Defendant's counterclaim is based, Defendant did not plead the satisfaction of the condition precedent—Atlas Oil Company's ("Atlas") fulfillment of its' obligations under the Settlement Agreement.[6] The District Judge also struck two of Defendant's affirmative defenses per Fed R. Civ. P. 12(f). Specifically, affirmative defenses three and four which indicate Plaintiff's claims are barred in whole or in part by a valid settlement agreement and a release executed in October 2024. Noting the pleading deficiencies identified by the Court, Defendant filed the instant Motion seeking leave to amend his affirmative defenses and to replead his breach of

---

[2] Third Amended Complaint, ECF No. 63.
[3] ECF No. 23 at 25.
[4] ECF No. 34.
[5] ECF No. 42.
[6] ECF No. 52 at 13-14. Atlas Oil Company ("Atlas") is Defiant's current employer and allegedly a party to the Settlement Agreement.

contract counterclaim. Defendant's proposed amendment seeks to include factual allegations contending "Atlas has satisfied all of its obligations under the Settlement Agreement and Release."[7]

Plaintiff now opposes Defendant's amendment of the affirmative defenses and counterclaim asserting amendment is no more than Defendant's attempt to revive a claim previously dismissed per the District Judge's ruling on the counterclaim.[8] But because dismissal of the counterclaim did not specify whether the ruling was with or without prejudice, Plaintiff interprets the counterclaim was dismissed with prejudice.[9] Further, Plaintiff opposes amendment of the affirmative defenses and counterclaim as futile per the Settlement Agreement's fraud carve-out provision in Section 5.[10]

In his reply Defendant argues: 1) the Memorandum and Order (ECF No. 52) did not foreclose his ability to amend the counterclaim, rather, the ruling merely struck the affirmative defenses as legally insufficient and dismissed the counterclaim due to a pleading deficiency; and 2) without a judgment in accordance with the federal rules, which require a separate judgment sheet be entered by the Clerk of the Court, it would be the normal practice of the Court to allow amendment to correct the deficiency.[11] With regard

---

[7] ECF No. 57-2 at 12.

[8] ECF No. 58 at 1-3.

[9] *See, e.g*, *Webb v. Claimetrics Management*, LLC, 412 F.Appx. 107, 108, n. 2 (10th Cir. 2011) ("the district judge did not specify whether the dismissal was with or without prejudice, and thus we presume the court entered dismissal with prejudice"); *Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) ("the district court did not indicate in its order whether it was dismissing Plaintiff's complaint with or without prejudice, and thus the court's dismissal must be treated as a dismissal with prejudice").

[10] ECF No. 58 at 4.

[11] *See, e.g., Venture Com. Mortg., LLC v. FDIC for Columbian Bank & Tr. Co.*, No. 09-2285-KHV, 2010 WL 11566511, at *2 (D. Kan. June 9, 2010) ("amendment or supplementation is [not] barred

to the Settlement Agreement, Defendant argues an amendment is not futile where the Settlement Agreement is clear—Plaintiff initially retained the right to sue Defendant for fraud, gross negligence, or willful misconduct but if Atlas later satisfied certain conditions, Plaintiff relinquished the right to sue the Defendant for any claims, including fraud, gross negligence, and willful misconduct, arising under or in connection with Defendant's employment and termination.[12] The Motion is fully briefed and the Court is prepared to consider amendment pursuant to Fed. R. Civ. P. 15.

## II.    Analysis

The standard for permitting a party to amend a complaint is well established. A party may amend a pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading.[13] However, in cases such as this, where the time to amend as a matter of course has passed, and the opposing party does not consent, a party may amend its pleading only by leave of court under Rule 15(a)(2).

---

based on the District Judge's March 5, 2010 Order dismissing all claims against LNV under 12(b)(6). That Order was not a final judgment which would prohibit amendment or supplementation."); *Kaul v. Stephan*, 828 F. Supp. 1504, 1514 (D. Kan. 1993) (motion to dismiss or for summary judgment was granted as to plaintiff's claims defendant acted without jurisdiction and Plaintiff was expressly granted leave to file a second amended complaint within ten days of the order); *Rural Water Dist. No. 4, Douglas Cnty. v. City of Eudora, Kansas*, No. 07-2463-JAR, 2008 WL 1867984, at *4 (D. Kan. Apr. 24, 2008) (granting motion for leave to amend filed after the Court dismissed plaintiff's claim because "[p]laintiff's proposed amendments merely seek to cure the pleading defects in its original Complaint."); *Sayed v. Broman*, 638 F.App'x 698, 700 (10th Cir. 2016) ("an action ought not be dismissed with prejudice unless 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'") (citing *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir.2010)).

[12] ECF No. 60 at 4.

[13] Fed. R. Civ. P. 15(a)(1).

Rule 15(a)(2) provides leave shall be freely given when "justice so requires," and the decision to allow an amendment is within the sound discretion of the Court.[14] The Court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[15] In exercising its discretion, the Court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[16] The Tenth Circuit Court of Appeals acknowledged Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,'"[17] especially in the absence of bad faith by an offending party or prejudice to a non-moving party.[18] With these standards and factors in mind, the Court evaluates Defendant's request to amend their affirmative defenses and counterclaim.

Initially, the Court considers whether the counterclaim was involuntarily dismissed *with* prejudice as Plaintiff suggests, precluding amendment per Fed. R. Civ. P. 41(b). Many times, if a Motion to Dismiss or Strike is granted, and the District Judge intends to permit

---

[14] Fed. R. Civ. P. 15(a)(2); *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11-2112-EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[15] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

[16] *Hinkle v. Mid-Continent Cas. Co.*, No. 11-2652-JTM, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)); *see also Roberts v. TransAm Trucking, Inc.*, 341 F.R.D. 689, 691–92 (D. Kan. 2022).

[17]*Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 2, 2010) (citing *Minter*, 451 F.3d at 1204).

[18] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (internal citations omitted).

an opportunity for amendment, the Order expressly states the same.[19] And once a judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).[20] Involuntary dismissal under Fed. R. Civ. P. 12(b)(6) *can* also be a final judgment.[21] But "[i]n a case involving multiple claims for relief, [...], no final judgment is entered until all claims have been adjudicated unless the court expressly directs the entry of final judgment,"[22] invoking Fed. R. Civ. P. 58(a) which expressly provides "[e]very judgment and amended judgment must be set out in a separate document."

The Court is ultimately not persuaded by Plaintiff's argument the counterclaim was dismissed *with* prejudice per Rule 12(b)(6). The undersigned does not find the lack of judgment sheet per Fed. R. Civ. P. 58 is a mere technicality. While it is true the Court dismissed the counterclaim in the Memorandum and Order (ECF No. 52) per Fed. R. Civ. P. 12(b)(6), and the Memorandum and Order was silent as to the Court's prejudicial intent, no formal judgment sheet was entered by the Clerk of the Court on the counterclaim. Thus

---

[19] *See Boardwalk Apartments, L.C. v. State Auto Prop. and Cas. Ins. Co.*, No. 11-2714-JAR, 2012 WL 3024712, at *4 (D. Kan. July 24, 2012) (denying Plaintiff's Motion to Strike Defenses without prejudice, subject to Defendant filing a motion for leave to amend); *Foreclosure Mgt. Co. v. Asset Mgt. Holdings, LLC*, No. 07-2388-DJW, 2008 WL 2222028, at *2 (D. Kan. May 28, 2008) (granting the Motion to Strike Counterclaim but ordering First Amended Answer and Counterclaims be filed within 5 days); *Kaul*, 828 F. Supp. at 1514.

[20] *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087-88 (10th Cir. 2005).

[21] *Lee v. Pellant*, No. 07–4124–JAR, 2008 WL 336751, at *2 (D. Kan. Feb. 4, 2008) ("It is well settled that dismissal for failure to state a claim is a final judgment on the merits"); *Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1226 (D. Kan. 2016) (dismissal of Plaintiff's 2014 lawsuit against the Lenexa Police Department per 12(b)(6) was a final judgment on the merits of plaintiff's claim).

[22] *U.S. Surgical Corp. v. Orris, Inc.*, 47 F. Supp.2d 1270, 1271 (D. Kan. 1999) (citing Fed. R. Civ. P. 54(b)).

the District Judge's Memorandum and Order dismissed only the counterclaim per Fed. R. Civ. P. 12(b)(6) and struck the two affirmative defenses per Fed. R. Civ. P. 12(f). Further, it is undisputed the Court never directed the entry of final judgment on either the counterclaim or the affirmative defenses. Therefore, Rule 41 is inapplicable in this instance, and it is improper authority for denying Defendant leave to amend or supplement the counterclaim and affirmative defenses.

Where the parties do not address arguments regarding delay/timeliness, prejudice, and bad faith, the Court will finally consider Plaintiff's futility argument under Rule 15. In this instance, the undersigned is not inclined to find Defendant's proposed amendments and supplementation would be futile. A motion to amend or supplement is futile if, notwithstanding the amendment or supplementation, the pleading would be subject to dismissal.[23] Much of Plaintiff's arguments center on whether Defendant's counterclaim and affirmative defenses would withstand a Motion to Dismiss or Strike pursuant to Rule 12. But, where the standard for this motion is based on notice pleading requirements, and Defendant now pleads Atlas satisfied certain conditions per the Settlement Agreement, the Court finds Defendant's amendment could satisfy the plausibility test.[24] In other words, the Court finds the proposed amendment, viewed in the light most favorable to the claimant, contains sufficient factual matter, when taken as true, to state a claim for relief under the Settlement Agreement that is plausible on its' face. Thus, amendment should then be

---

[23] *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).
[24] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

allowed where it plausibly cures the pleading defects in the original affirmative defenses and counterclaim.[25]

For the reasons set out above, **IT IS SO ORDERED** Defendant's Motion for Leave to Amend Affirmative Defenses and Counterclaim **(ECF No. 57)** is **GRANTED**.

**IT IS FURTHER ORDERED** Defendant shall file the Amended Answer and Counterclaim no later than 3/31/2026.

**IT IS SO ORDERED.**

Dated March 20, 2026 at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

---

[25] *Rural Water Dist. No. 4*, 2008 WL 1867984, at *2.

8