**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ANTIMO, LLC,** | ) | |
| | ) | |
| **Plaintiff/** | ) | |
| **Counterclaim Def.,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 25-1071-KHV** |
| **BRENDAN REICH,** | ) | |
| | ) | |
| **Defendant/** | ) | |
| **Counterclaim Pltf.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On March 14, 2025, in the District Court of Sedgwick County, Kansas, plaintiff Antimo, LLC, filed suit against its former employee, Brendan Reich.  On April 21, 2025, defendant removed the case to federal court based on diversity jurisdiction.  See Notice Of Removal (Doc. #1).  Under Kansas law, plaintiff asserted claims for fraud, fraud by silence, constructive fraud, breach of fiduciary duty, unjust enrichment, negligent misrepresentation and constructive trust. See First Amended Complaint (Doc. #12) filed June 2, 2025.  On August 6, 2025, on defendant's motion, the Court dismissed plaintiff's claim for unjust enrichment.  See Memorandum and Order (Doc. #23).

On August 25, 2025, plaintiff filed its Second Amended Complaint (Doc. #30), re-asserting the original claims except unjust enrichment.  On September 8, 2025, defendant filed its Answer To Plaintiff's Second Amended Complaint, Affirmative Defenses, And Counterclaim (Doc. #34), asserting several affirmative defenses and a counterclaim which argued that a prior settlement agreement bars plaintiff's claims.  On December 12, 2025, on plaintiff's motion, the Court dismissed defendant's counterclaim and struck two of his affirmative defenses due to insufficient

factual allegations concerning the prior settlement agreement.  See Memorandum And Order (Doc. #52).

On February 6, 2026, plaintiff filed its Third Amended Complaint (Doc. #63), adding claims for punitive damages premised on willful conduct, wanton conduct and/or fraud.  On March 23, 2026, United States Magistrate Judge Gwynne E. Birzer granted defendant's motion for leave to amend his answer to correct the prior pleading defects and re-assert the affirmative defenses and counterclaim.  See Memorandum And Order (Doc. #75).  On March 26, 2026, defendant filed his First Amended Answer To Plaintiff's Third Amended Complaint, Affirmative Defenses, And Counterclaim (Doc. #76), re-asserting the affirmative defenses and counterclaim.

This matter comes before the Court on Plaintiff/Counterclaim Defendant Antimo, LLC's Motion To Strike Or Dismiss Defendant Reich's Counterclaim For Breach Of Contract & To Strike His Third & Fourth Affirmative Defenses (Doc. #81) filed April 8, 2026.  For reasons stated below, the Court overrules plaintiff's motion.

**Legal Standard**

Plaintiff asserts that the Court should dismiss defendant's counterclaim under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P., because the Court lacks subject matter jurisdiction and defendant's counterclaim does not state a claim on which relief can be granted.  Plaintiff also asserts that the Court should strike two of defendant's affirmative defenses under Rule 12(f).

When defendant seeks dismissal under Rules 12(b)(1) and 12(b)(6) in the alternative, the Court must first decide the jurisdictional challenges because the latter challenge will be moot if the Court lacks jurisdiction.  See Creamer v. Gildemeister, No. 15-4871-KHV, 2015 WL 6828186, at *2 (D. Kan. Nov. 6, 2015).  Dismissal under Rule 12(b)(1) is appropriate when the Court lacks subject matter jurisdiction over a claim for relief.  The party asserting jurisdiction has the burden

of establishing subject matter jurisdiction.  Id. (citing Port City Props. v. Union Pac. R.R. Co., 518 F.3d 1186, 1189 (10th Cir. 2008)).

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement to relief.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face.  Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 556 U.S. at 679.  The Court's standard to dismiss complaints under Rule 12(b)(6) applies equally to counterclaims.  Ramada Franchise Sys., Inc. v. Tresprop, Ltd., 188 F.R.D. 610, 612 (D. Kan. 1999).

The Court need not accept as true those allegations which state only legal conclusions.  See id.; United States v. Herring, 935 F.3d 1102, 1110 (10th Cir. 2019).  Plaintiff bears the burden of framing its claims with enough factual matter to suggest that it is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  See Twombly, 550 U.S. at 556.  Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the alleged misconduct.  Iqbal, 556 U.S. at 678.  Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent" with defendant's liability.  Id. (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand.  Id.  Similarly, where the well-pleaded facts do not permit the Court to infer more than mere possibility of misconduct, the pleading has alleged—but has not

"shown"—that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008).

Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Striking material from a pleading is a generally disfavored remedy, Nwakpuda v. Falley's, Inc., 14 F.Supp.2d 1213, 1215 (D. Kan. 1998), and the Court should decline to do so unless the allegations (1) have no possible relation to the controversy and (2) may prejudice one of the parties, Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp. 2d 1022, 1029 (D. Kan. 2006). Any doubt as to the utility of the material to be stricken should be resolved against the motion to strike. Nwakpuda, 14 F. Supp. 2d at 1215. The purpose of Rule 12(f) is to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial. Stubbs v. McDonald's Corp., 224 F.R.D. 668, 676 (D. Kan. 2004).

**Factual And Procedural Background**

The Court recited the background facts in its Memorandum And Order (Doc #23) filed August 6, 2025 and Memorandum And Order (Doc. #52) filed December 12, 2025. Subsequent procedural developments and additional relevant facts, as alleged in Reich's First Amended Answer To Plaintiff's Third Amended Complaint, Affirmative Defenses, And Counterclaim (Doc. #76), are as follows:

On December 12, 2025, on Antimo's motion, the Court dismissed Reich's counterclaim for breach of contract and struck affirmative defenses 3 and 4, since they all relied on a settlement agreement regarding which Reich did not plead sufficient facts. The settlement agreement was

-4-

between Antimo, Reich and Reich's current employer, Atlas.  In Section 6 of the agreement, titled "Covenant Not To Sue," Antimo covenanted not to sue Reich if Atlas satisfied its obligations under the agreement.  The pleadings contained no allegation, however, that Atlas had satisfied its obligations.  Memorandum And Order (Doc. #52) at 5.  The Court therefore granted Antimo's motion to dismiss Reich's counterclaim and affirmative defenses 3 and 4.

On January 16, 2026, Reich filed his Motion For Leave To Amend Affirmative Defenses And Counterclaim (Doc. #57) under Rule 15(a)(2), Fed. R. Civ. P., to cure the pleading deficiencies which the Court had identified.  Antimo opposed the motion, arguing that the Court had dismissed Reich's counterclaim with prejudice, since the Court's order did not specify that it was without prejudice and it therefore operated as a final adjudication on the merits under Rule 41(b).  Further, Antimo opposed the proposed amendment as futile under the settlement agreement's fraud carve-out provision in Section 5, since all of Antimo's claims are based in fraud.  After considering the parties' briefs and holding oral argument on February 12, 2026, Judge Birzer granted Reich's motion to amend.  Memorandum And Order (Doc. #75) filed March 23, 2026.  The Court reasoned that since the order dismissed Reich's counterclaim without directing the clerk to enter final judgment and the clerk did not enter a judgment sheet, the dismissal was not a final judgment.  See U.S. Surgical Corp. v. Orris, Inc., 47 F. Supp. 2d 1270, 1271 (D. Kan. 1999) (in case involving multiple claims for relief, no final judgment is entered until all claims have been adjudicated unless court expressly directs entry of final judgment).  Since the Court had not entered a final judgment, Judge Birzer held that she had discretion to grant the motion to amend under Rule 15(a)(2) and sustained Reich's motion.

On March 26, 2026, Reich filed his first amended answer, affirmative defenses and counterclaim.  The first amended answer alleges that on October 2, 2024, Reich, Atlas and Antimo

entered into a valid and enforceable settlement agreement, which read as follows:

> **5. RELEASE OF ATLAS AND REICH**.  In consideration of the settlement terms contained in this Agreement, ANTIMO . . . hereby unconditionally and irrevocably . . . releases . . . and covenants not to sue REICH and ATLAS . . . from any and all claims . . . however, and notwithstanding anything to the contrary herein, ANTIMO shall not release REICH for any act or non-action where such act, omission or error in judgment, occurring from the July 6, 2020 through the date of this Agreement, constitutes, fraud, gross negligence, or willful misconduct.

> **6. COVENANT NOT TO SUE.** Upon ATLAS'S satisfaction of its obligations under this Agreement, ANTIMO . . . hereby covenants not to sue and fully releases . . . ATLAS and REICH with respect to and from any and all claims . . . of whatever kind or nature . . . in connection with REICH's employment and termination of employment.

First Amended Answer (Doc. #76) at 15–16.  Reich also alleges that all conditions precedent have occurred or been performed and that Atlas has satisfied all its obligations under the settlement agreement.  Id. at 17.  Reich's counterclaim alleges that Antimo breached Section 6 of the agreement by bringing this lawsuit, and that he has suffered damages by way of attorney's fees and costs of defense.

> Reich's third and fourth affirmative defenses read as follows:

> **Third Affirmative Defense:** Plaintiff's claims are barred, in whole or in part, by Section 5 (Release of Atlas and Reich) of a valid and enforceable Settlement Agreement and Release executed on October 2, 2024.  Section 5 bars Antimo's claims to the extent Mr. Reich's alleged acts or non-actions are not proven to constitute, fraud, gross negligence, or willful misconduct.

> **Fourth Affirmative Defense:** Plaintiff's claims are barred, in whole or in part, by Section 6 (Covenant Not to Sue) of a valid and enforceable Settlement Agreement and Release executed on October 2, 2024. . . . Section 6 does not reserve Antimo's rights to sue for any acts or omissions constituting fraud, gross negligence, or willful misconduct. All conditions precedent have occurred or been performed, including Atlas has satisfied all of its obligations under the Settlement Agreement and Release.  Therefore, all of Antimo's claims are barred by Section 6 of the Settlement Agreement and Release.

Id. at 11–12.

## Analysis

Antimo asserts claims for fraud, fraud by silence, constructive fraud, breach of fiduciary

duty, negligent misrepresentation and constructive trust.  Reich's counterclaim asserts that the settlement agreement bars these claims.  Antimo asks the Court to dismiss Reich's counterclaim under Rule 12(b)(1) because the Court lacks subject matter jurisdiction and under Rule 12(b)(6) because Reich fails to state a claim on which relief can be granted.  Under Rule 12(f), Antimo also moves to strike Reich's affirmative defenses 3 and 4 as insufficient and immaterial.

A court without jurisdiction over the parties cannot render a valid judgment.  See OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1090 (10th Cir. 1998).  Accordingly, before addressing the merits, the Court must determine whether it has subject matter jurisdiction over defendant's counterclaim.  See id.; see also First Magnus Financial Corp. v. Star Equity Funding, LLC, No. 06-2426-JWL, 2007 WL 635312, at *4 (D. Kan. Feb. 27, 2007) (not addressing merits of Rule 12(b)(6) motion because court lacked personal jurisdiction).

## I.     12(b)(1)–Subject Matter Jurisdiction

Antimo argues that the Court lacks subject matter jurisdiction because Reich does not assert the minimum amount in controversy, $75,000 exclusive of interest and costs, for diversity jurisdiction under 28 U.S.C. § 1332, since his only damages are attorney's fees and costs from defending this lawsuit.  Antimo asserted this exact argument in its prior Motion To Strike Or Dismiss (Doc. #42) filed September 29, 2025.  The Court has already considered and rejected it.  Memorandum And Order (Doc. #52) at 6–11.  The Court has ancillary and supplemental jurisdiction over Reich's counterclaim, as well as diversity jurisdiction since Reich is pursuing attorney's fees as actual damages.  See Paper, Allied, Chem. & Energy Workers Int'l Union, Loc. 5-508, AFL–CIO v. Slurry Explosive Corp., 107 F. Supp. 2d 1311, 1331 (D. Kan. 2000).  Antimo does not raise any new facts, caselaw or legal issues with regard to subject matter jurisdiction.  The Court therefore incorporates its prior decision and finds that Antimo's argument is without merit.

**II.      12(b)(6)–Failure To State A Claim**

Antimo moves the Court to dismiss Reich's counterclaim under Rule 12(b)(6), arguing Reich has failed to state a claim on which relief can be granted because (1) the Court already dismissed the counterclaim so it is subject to claim preclusion, (2) the settlement agreement allows Antimo's fraud claims so Antimo did not breach the agreement by bringing this suit and (3) Reich failed to mitigate his damages.

A.      Claim Preclusion

Antimo argues that Reich's counterclaim is precluded since the Court already dismissed it.[1]  Involuntary dismissals are governed by Rule 41(b), Fed. R. Civ. P., which reads as follows: "Unless the dismissal order states otherwise, a dismissal under this subsection (b) and any dismissal not under this rule . . . operates as an adjudication on the merits."  Antimo argues that the Tenth Circuit interprets Rule 41(b) to require that where an involuntary dismissal does not specify whether it is with or without prejudice, the Court of Appeals must presume that it was with prejudice.  Webb v. Claimetrics Mgmt., LLC, 412 F. App'x 107, 108 (10th Cir. 2011).  Antimo acknowledges that the Court did not enter a judgment of dismissal, but argues that under Tenth Circuit law and Rule 41(b), the Court's dismissal of the counterclaim constituted a final judgment on the merits and the re-asserted counterclaim is therefore precluded.[2]

Reich responds that claim preclusion requires a final judgment in an earlier action, and this

---

[1]      Claim preclusion bars a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment.  Markley v. U.S. Bank National Ass'n, 142 F.4th 732, 736 n.2 (10th Cir. 2025).

[2]      Antimo first asserted this argument in opposing Reich's motion for leave to amend. See Response Brief In Opposition Of Defendant Reich's Motion For Leave To Amend Affirmative Defenses And Counterclaim (Doc. #58) filed January 23, 2026.  To the extent Antimo argues that Judge Birzer erred in granting leave to amend, Antimo had to object under Rule 72 Fed. R. Civ. P., to be heard on this issue.

case involves neither a final judgment nor an earlier action. <u>Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.</u>, 125 F.4th 1000, 1010 (10th Cir. 2025). In <u>Choice Hospice, Inc.</u>, the Tenth Circuit held that claim preclusion did not apply to defendant's second motion to vacate, because "there was only one action and thus no 'earlier action.'" <u>Id.</u> Antimo's reply does not address the issue whether claim preclusion requires a decision from a separate, earlier action.

For claim preclusion to apply, the party invoking the doctrine must show that there was: "(1) a final judgment on the merits in an *earlier action*; (2) identity of parties or privies in the *two suits*; and (3) identity of the cause of action in *both suits*." <u>Markley</u>, 142 F.4th at 737, citing <u>Wilkes v. Wyoming Dep't of Emp. Div. of Lab. Standards</u>, 314 F.3d 501, 504 (10th Cir. 2002) (emphasis added). Notably, each factor requires a second, earlier lawsuit. Indeed, the Tenth Circuit specifically addressed this issue in <u>Choice Hospice, Inc.</u>, and found that claim preclusion did not apply within the context of one action, even where the claims at issue were dismissed in a final judgment. 125 F.4th at 1010. The Supreme Court has also addressed this issue, stating that claim preclusion does not apply to efforts to obtain supplemental relief in the original action, or direct attacks on the judgment. <u>Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.</u>, 590 U.S. 405, 416 (2020); <u>see also</u> 18 J. Moore, D. Coquillette, G. Joseph, G. Vairo, & C. Varner, Federal Practice § 131.31[1], p. 131–116 (3d ed. 2019) (claim preclusion applies "to a final judgment rendered in an action separate from that in which the doctrine is asserted"). Therefore, the doctrine of claim preclusion does not apply to this case.

Since claim preclusion is clearly inapplicable, the Court need not reach Antimo's argument that its prior order of dismissal was a final judgment on the merits. Judge Birzer correctly found that it was not. Antimo did not seek reconsideration pursuant to Local Rule 7.3 or object pursuant to Rule 72, therefore review of that order is not before the Court. Stated otherwise, Antimo's claim

preclusion argument is itself precluded.

Finally, and perhaps most importantly, Antimo's reliance on <u>Webb</u> is misplaced. The Court does not need to "presume" the intended effect of its own orders. The Court dismissed Reich's counterclaim because of factual pleading deficiencies and anticipated that if he could plead sufficient facts to support his claim, he might file a timely motion to amend. The Court granted leave for Reich to file his amended answer under Rule 15(a)(2), and his amended answer and counterclaim are properly before the Court now.

B.    <u>Breach of Contract</u>

Antimo seeks dismissal of Reich's counterclaim because Section 5 of the settlement agreement preserves claims for "fraud, gross negligence, or willful misconduct" so it cannot be in breach of the agreement. Antimo argues that Section 5 and Section 6 must be read together, since both contain language amounting to a release, and that the Section 5 carve-out for fraud applies to the Section 6 covenant not to sue as well. Antimo concludes that all of its claims are for fraud, gross negligence or willful misconduct, so Reich has not stated a claim on which relief can be granted.

Reich argues that Section 5 and Section 6 are distinct sections that serve different purposes, and that the fraud carve-out in Section 5 does not extend to the covenant not to sue in Section 6.

The elements of a breach of contract claim are as follows: (1) the existence of a contract between the parties; (2) consideration; (3) defendant's performance or willingness to perform in compliance with the contract; (4) plaintiff's breach of the contract; and (5) damage on account of the breach. <u>Britvic Soft Drinks Ltd. v. ACSIS Techs., Inc.</u>, 265 F. Supp. 2d 1179, 1187 (D. Kan. 2003). At this stage in the litigation, Reich must allege sufficient facts to show a plausible claim for breach of contract. The parties appear to agree that plaintiff has alleged all elements of

a breach of contract claim, except whether this suit breaches the settlement agreement.

Sections 5 and 6 each contain explicit releases and covenants not to sue, so Antimo's argument that they must be read together is confusing. Although it contains a covenant not to sue, Section 5 is entitled "Release of Atlas and Reich." Section 6 also contains a covenant not to sue, but is expressly entitled "Covenant Not To Sue." In Section 5, Antimo releases and covenants not to sue Reich from any and all claims except for "any act or non-action where such act, omission or error in judgment, occurring from the July 6, 2020 through the date of this Agreement, constitutes, fraud, gross negligence, or willful misconduct." First Amended Answer (Doc. #76) at 15–16. In Section 6, upon Atlas's satisfaction of its obligations under the agreement, Antimo covenants not to sue and fully releases Atlas and Reich from claims "arising under or in connection with Reich's employment and termination of employment." Id. Section 6 does not contain a carve-out provision for fraud claims, while Section 5 does.

Reich argues that these are distinct provisions which must be read separately, so under the plain language of the contract, the fraud exception in Section 5 does not extend to Section 6. Reich argues the release and the covenant not to sue serve distinct purposes: a release extinguishes the substantive right to assert a claim while a covenant not to sue imposes an independent procedural bar on litigating a claim. Reich argues that this reading reflects the deliberate structure of the contract, i.e. that under Section 5, Antimo initially retained the right to sue Reich for fraud, gross negligence or willful misconduct, but once Atlas satisfied its obligations, Section 6 required Antimo to relinquish the right to sue Reich for any claims—including fraud.

Antimo responds that the settlement agreement specifically intended to preserve fraud claims and that allowing Section 6 to eliminate Section 5's fraud carve-out produces an internally contradictory result since it would essentially render Section 5 meaningless, which Kansas courts

do not favor, citing In re Williams, 183 B.R. 895 (1995).

The Court cannot find as a matter of law that Antimo's interpretation of the settlement agreement is correct. Reich's interpretation of the settlement agreement is plausible. First, as Reich correctly argues, a covenant not to sue and a release are substantively different agreements that entail different legal rights. See Smith v. Kansas Pub. Emps. Ret. Sys., No. 18-2340-CM, 2020 WL 618608, at *1 (D. Kan. Feb. 10, 2020). The agreement has two distinctly titled sections which contain separate explicit releases and covenants not to sue. Reich's unrefuted analogy to In Matter of Est. of Tantillo, No. 86,726, 2002 WL 35657346, at *2 (Kan. Ct. App. Mar. 29, 2002) is persuasive. There, plaintiffs executed a settlement agreement which agreed to release "the Tantillo Group" from "any and all claims" and in a later section titled "Covenant Not To Sue," also agreed not to sue for "any claim." The latter covenant did not specify that it only applied to claims against the Tantillo Group. Id. The Kansas Court of Appeals found that the first release's limitation to the Tantillo group did not extend to the latter covenant not to sue, since the latter covenant contained no such limiting language. It therefore found that the agreement barred plaintiffs from suing anyone, not just those in the Tantillo group. Id. Under Tantillo, it is clearly plausible that under Kansas law, the Section 5 reservation of fraud claims does not apply to the Section 6 covenant not to sue. Reich alleged a plausible claim for breach of contract under Section 6.

### C.    Failure To Mitigate

Antimo seeks dismissal of Reich's counterclaim because Kansas law imposes a duty to mitigate breach of contract damages, which Reich has not done, since he did not move to dismiss this case based on the settlement agreement. This argument fails, since failure to mitigate damages is an affirmative defense, not a basis for dismissal under 12(b)(6). Further, if the defense is proven,

the result is that the party may not recover damages which were avoidable—the law does not penalize a party's inaction, it just does not compensate the party for it.  Huffman v. Ace Elec. Co., 883 F. Supp. 1469, 1477 (D. Kan. 1995).  Here, any failure to mitigate would lower Reich's recoverable damages; it would not render his claim implausible pursuant to 12(b)(6).

### III.    12(f)–Insufficient And Immaterial

Under Rule 12(f), Antimo asks the Court to strike Reich's affirmative defenses 3 and 4, which argue that the settlement agreement bars Antimo's claims.  Defense 3 argues that Antimo's claims breach Section 5 to the extent that Reich's acts are not proven to constitute fraud.  Defense 4 argues that Section 6 bars Antimo's claims.

The Court may strike a defense if it cannot succeed, as a matter of law, under any circumstances.  Wilhelm v. TLC Lawn Care, Inc., No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008).  The Court should decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party.  Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007).

Antimo has not argued that it may be prejudiced by the mere assertion of these two defenses.  For this reason alone, plaintiffs' motion to strike is without merit.  Moreover, as discussed above, the Court is not convinced that Reich's interpretation of the settlement agreement is implausible and cannot succeed under any circumstances.  Therefore, the Court will not strike any of defendant's affirmative defenses.

**IT IS THEREFORE ORDERED** that Plaintiff/Counterclaim Defendant Antimo, LLC's Motion To Strike Or Dismiss Defendant Reich's Counterclaim For Breach Of Contract & To Strike His Third & Fourth Affirmative Defenses (Doc. #81) filed April 8, 2026 is **OVERRULED.**

Dated this 9th day of June, 2026 at Kansas City, Kansas.

-14-

<u>/s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge